### STEVENSON vs. LICK.

An action cannot be maintained against A., to recover damages for a trespass to real estate committed by B.

ALL the facts necessary to be stated in this case, are contained in the opinion of the court.

*By the Court*, BENNETT, J.   Appeal from court of First Instance for the District of San Francisco.   The complaint alleges that Lick, on the 28th day of March, 1849, leased to one Blanchard certain premises in San Francisco, on which there was an *adobe* house; that Blanchard, on the 15th day of September following, assigned the lease to the plaintiff; and that afterwards, " *D. W. Chandler & Co., in pursuance of some proceeding* " *which they claimed authorized them, tore down said house.*" The prayer of the complaint is, that Lick may be decreed to pay to the plaintiff the value of the house.

The defendant pleaded the general issue.   The cause was tried before the court, without a jury; and, after hearing the proofs of the parties, the court rendered the following judgment : " That the said Lick pay to the said Stevenson the sum of four " hundred and ninety dollars, as damages to the said Stevenson " for being deprived of the use and enjoyment of the house " named in the plaintiff's declaration, from the time it was torn " down to the end of the term ; or, at the option of the plaintiff, " to be signified in open court within a day from this time, that " instead of the sum of four hundred and ninety dollars, as afore- " said, that the plaintiff retain and enjoy the said house named " in the declaration to the end of the said term ; and also that

" said defendant pay the costs and charges in this behalf ex-
" pended, and that plaintiff have execution therefor."

The plaintiff appeals from this judgment, and asks that it may
be reversed. His prayer should be granted. Having ascer-
tained his mistake, in supposing that *Lick* could be made an-
swerable for the trespasses of " *D. W. Chandler & Co.*," the
plaintiff seems desirous of preventing the wrong which would
be done to the defendant by the execution of the judgment of
the court below. We think he should not be thwarted in this
laudable purpose.

It is unnecessary to examine the proceedings subsequent to
the complaint, even if they were before us in an intelligible
shape; for there can be no supposable proof which would au-
thorize a judgment in favor of the plaintiff upon the facts set
forth in his complaint.

Judgment reversed, with costs.

